# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
### BILLINGS DIVISION



| | |
|---|---|
| In Re:<br><br>JOHN HENRY SCHNEIDER,<br><br>               Debtor. | U.S. District Court Case No.<br>CV 15-97-BLG-SPW<br><br>Bankruptcy Court Case No.<br>14-61357<br><br>Bankruptcy Court Adversary<br>No. 15-00015<br><br>OPINION and ORDER |
| JOSEPH V. WOMACK, as Chapter 7<br>Trustee of the Estate of John Henry<br>Schneider,<br><br>               Plaintiff,<br><br>v.<br><br>SCHNEIDER LIMITED<br>PARTNERSHIP, et al.,<br><br>               Defendants. | |

Before the Court is the Motion to Withdraw Reference of Adversary

Proceeding filed by Defendant MedPort, LLC. For reasons discussed below, the

Court grants the motion and refers the matter to the Bankruptcy Court for the

pretrial proceedings.

1

## I. Background

Debtor John Schneider filed for Chapter 7 bankruptcy on December 4, 2014. The Trustee initiated the instant adversary proceeding against a number of individuals, businesses, and trusts.  According to the First Amended Complaint, the adversary proceeding's purpose is to "unravel a complex fraudulent scheme whereby [Schneider], with the assistance of members of his family, attempted to employ a web of entities, trusts and transfers to hide his personal assets from creditors." (Doc. 2-1 at 2).

The Trustee alleges 17 counts in the First Amended Complaint.  The causes of action include: Substantive consolidation (Count I); Reverse piercing of the business entities (Count II); Fraudulent transfer (Counts III-VII, XV, and XVI); Conversion (Count VIII); Negligence (Count IX); Breach of fiduciary duty (Count X); Conspiracy to commit wrongful acts (Count XI); and declaratory judgments that two trusts are part of the bankruptcy estate (Counts XII and XIII).  The Trustee also requests a preliminary injunction to prevent further transfer of assets (Count XVII).

MedPort is one of the defendants in the adversary proceeding.  MedPort filed an answer and demanded a jury trial, but did not consent to the Bankruptcy Court conducting the trial.  MedPort now moves to withdraw reference of this

adversary proceeding and for this Court to hear this matter.  Co-defendants

Schneider, the John Schneider Trust, and BSC, LLC join Medport's motion.

## II. Legal Standard

United States District Courts have original jurisdiction over proceedings

arising under or related to cases arising under the bankruptcy code.  28 U.S.C. §

1334(a), (b).  District courts may refer bankruptcy cases to the district's

bankruptcy court.  28 U.S.C. § 157(a).  In the District of Montana, all bankruptcy

cases are automatically referred to the Bankruptcy Court.  Standing Order No. 12

(Revised).

The district court may withdraw a proceeding's referral to bankruptcy court

"for cause shown.[1]"  28 U.S.C. § 157(d).  "In determining whether cause exists, a

district court should consider the efficient use of judicial resources, delay and costs

to the parties, uniformity of bankruptcy administration, the prevention of forum

shopping, and other related factors."  *Sec. Farms v. Int'l Bhd. of Teamsters*, 124

F.3d 999, 1008 (9th Cir. 1997).  In addition, "good cause for withdrawal would be

the absence of jurisdiction to adjudicate the action."  *Heller Ehrman LLP v. Arnold*

*& Porter, LLP (In re Heller Ehrman LLP*, 464 B.R. 348, 351 (N.D. Cal. 2011).

The party seeking withdrawal bears the burden of showing that the district court

should withdraw the reference.  *Id.*

---

[1] In circumstances not present here, withdrawal can also be mandated.  28 U.S.C. §
157(d).

3

## III. Analysis

MedPort argues that good cause exists to withdraw the reference of the adversary proceeding to the Bankruptcy Court. MedPort points out that it is entitled to a jury trial on the Trustee's fraudulent conveyance claims and argues that judicial economy favors this Court assuming jurisdiction of the entire adversary proceeding. The Trustee counters that some of his claims can be decided by the Bankruptcy Court. The Trustee argues that even if this Court is ultimately required to preside over a trial, withdrawal of the reference right now would be premature and inefficient. The Court essentially agrees with the Trustee. However, the Court chooses a slightly different tack. Instead of denying the motion with leave to refile, the Court elects to grant the motion and refer the matter to the Bankruptcy Court for the pretrial proceedings.

MedPort correctly states that it is entitled to a jury trial before a district court on at least the fraudulent conveyance allegations. Although bankruptcy courts are statutorily allowed to enter judgments in "proceedings to determine, avoid, or recover fraudulent conveyances," 28 U.S.C. § 157(b)(2)(H), Article III of the Constitution does not permit it, *Stern v. Marshall*, 131 S.Ct. 2594, 2608 (2011). Only district courts, not bankruptcy courts, can issue final judgements on fraudulent conveyance claims. *Exec. Benefits Ins. Agency v. Arkison (In re*

4

*Bellingham Ins. Agency)*, 702 F.3d 553, 561 (9th Cir. 2012), *aff'd,* 134 S.Ct. 2165 (2014).

However, a district court does not have to immediately take control of the case whenever the Constitution requires a jury trial. *Sigma Micro Corp. v. Healthcentral.com (In re Healthcentral.com)*, 504 F.3d 775, 787 (9th Cir. 2007). The bankruptcy court can retain the proceeding for pre-trial matters and enter proposed findings of fact and conclusions of law on dispositive matters subject to a district court's de novo review. *Exec. Bens. Ins. Agency v. Arkison*, 134 S.Ct. 2165, 2174 (2014).

Here, the Court finds that it is appropriate to allow the Bankruptcy Court to conduct the pretrial proceedings and enter any authorized orders. The Court reaches this conclusion for several reasons. As an initial matter, MedPort apparently is not entitled to have this Court issue judgment on the Trustee's substantive consolidation allegations, and the Bankruptcy Court is better equipped to adjudicate those claims. For example, in Count I, the Trustee requests substantive consolidation of MedPort and two other defendant entities into the bankruptcy estate. The Bankruptcy Court has the ability under its "general equitable powers" to enter a substantive consolidation order. *Alexander v. Compton (In re Bonham)*, 229 F.3d 750, 763 (9th Cir. 2000); see also *Bank of Am., N.A. v. CD-04, Inc. (In re Owner Mgmt. Serv., LLC)*, 530 B.R. 711, 723 (Bankr.

C.D. Cal. 2015) ("Bankruptcy courts within the Ninth Circuit have authority to order substantive consolidation of a debtor with non-debtor entities nunc pro tunc to the petition date pursuant to section 105 of the Bankruptcy Code"). Substantive consolidation "is uniquely a matter of bankruptcy law, and its application is limited to bankruptcy cases." *In re Petters Co.*, 506 B.R. 784, 792 (Bankr. D. Minn. 2013). Given the specialized nature of this claim, the Bankruptcy Court is "a more competent venue" than this Court. *Rosenberg v. Harvey A. Bookstein*, 479 B.R. 584, 591-592 (D. Nev. 2012).

Since the Court deems it wise to allow the Bankruptcy Court to handle the substantive consolidation claim, it would be efficient to allow the Bankruptcy Court to handle the pretrial proceedings on the remaining allegations. The Trustee argues that other defendants have consented to the Bankruptcy Court's jurisdiction. *See* Doc. 5 at 17-21. If true, the Court finds that the Bankruptcy Court's experience and knowledge makes it better equipped to decide claims involving any consenting parties before this Court enters final judgment or holds a jury trial.

In addition, the fraudulent conveyance claims are based on the same operative facts as the substantive consolidation claims. If this Court were to assume control of the pretrial proceedings, it would lose "the benefit of the bankruptcy court's experience in both the law and facts, resulting in an inefficient allocation of judicial resources." *In re The Mortgage Store, Inc.*, 464 B.R. 421,

6

429 (D. Haw. 2011). In addition, this Court would be aided by any proposed findings of fact and conclusions of law submitted by the Bankruptcy Court. *Blixseth v. Brown*, 470 B.R. 562, 572 (D. Mont. 2012).

## IV. Conclusion

This Court elects to have the Bankruptcy Court preside over the pretrial proceedings in this case and enter any authorized orders. Accordingly, IT IS HEREBY ORDERED:

1. MedPort's Motion to Withdraw Reference of Adversary Proceeding (Doc. 1) is GRANTED.

2. All further filings by the parties shall be made under this district court cause number. The Clerk of Court shall file copies of all documents in Bankruptcy Court Adversary No. 15-00015.

3. The case is referred to the Honorable Ralph B. Kirscher, United States Bankruptcy Judge, who will conduct all necessary hearings and submit to the undersigned proposed findings of fact and recommendations for the disposition of all motions excepted from the Bankruptcy Court's jurisdiction.

4. Judge Kirscher shall decide any motions or issues that the Bankruptcy Court has the statutory and constitutional authority to decide.

5. After the pretrial proceedings are concluded and any potentially dispositive motions are resolved, this Court will hold a status conference to set a trial date and related deadlines.

DATED this 10th day of November, 2015.

SUSAN P. WATTERS
United States District Judge

8