Mark D. Parker (I.D. # 1954)
**PARKER, HEITZ & COSGROVE, PLLC**
401 N. 31st Street, Suite 805
P.O. Box 7212
Billings, Montana 59103-7212
Ph: (406) 245-9991
Fax: (406) 245-0971
email: markdparker@parker-law.com

Attorney for Schneider Limited Partnership;
     Schneider Management, LLC; Michelle R. Schneider,
     personally, and as Trustee of the Brandon Schneider Benefit Trust,
     the Shannon Schneider Benefit Trust, the Caitlin Schneider
     Benefit Trust, and the Michelle Schneider Revocable Trust

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | | |
|---|---|---|
| **In re** | ) | Case No. 14-61357 |
| | ) | |
| **JOHN HENRY SCHNEIDER,** | ) | Adversary No. 15-00015 |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| **JOSEPH V. WOMACK, AS CHAPTER** | ) | |
| **7 TRUSTEE OF THE ESTATE OF** | ) | |
| **JOHN HENRY SCHNEIDER,** | ) | **ANSWER TO FIRST** |
| | ) | **AMENDED COMPLAINT** |
| Plaintiff, | ) | **AND JURY TRIAL DEMAND** |
| | ) | |
| vs. | ) | |
| | ) | |
| **SCHNEIDER LIMITED** | ) | |
| **PARTNERSHIP; SCHNEIDER** | ) | |
| **MANAGEMENT, LLC; MEDPORT,** | ) | |
| **LLC; BSC, LLC; JOHN HENRY** | ) | |

SCHNEIDER; MICHELLE R.      )
SCHNEIDER; KATHLEEN T.    )
BURROWS; MICHELLE R.     )
SCHNEIDER, AS TRUSTEE OF THE )
BRANDON SCHNEIDER BENEFIT  )
TRUST, DATED MARCH 30, 2012;  )
MICHELLE R. SCHNEIDER, AS   )
TRUSTEE OF THE SHANNON    )
SCHNEIDER BENEFIT TRUST,    )
DATED MARCH 30, 2012; MICHELLE )
R. SCHNEIDER, AS TRUSTEE OF  )
THE CAITLIN SCHNEIDER BENEFIT )
TRUST, DATED MARCH 30, 2012;  )
JOHN SCHNEIDER, AS TRUSTEE OF )
THE JOHN SCHNEIDER       )
REVOCABLE TRUST, DATED    )
NOVEMBER 20, 2007; MICHELLE R. )
SCHNEIDER, AS TRUSTEE OF THE )
MICHELLE SCHNEIDER      )
REVOCABLE TRUST, DATED    )
NOVEMBER 20, 2007; JOHN DOES 1- )
10; and XYZ CORPS. 1-10,      )
                             )
            Defendants.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

COME NOW, Defendants, Schneider Limited Partnership; Schneider

Management, LLC; Michelle R. Schneider, personally; Michelle R. Schneider, as

Trustee of the Brandon Schneider Benefit Trust, dated March 30, 2012; Michelle

R. Schneider, as Trustee of the Shannon Schneider Benefit Trust, dated March 30,

2012; Michelle R. Schneider, as Trustee of the Caitlin Schneider Benefit Trust,

dated March 30, 2012; and Michelle R. Schneider, as Trustee of the Michelle

**Answer to First Amended Complaint and Jury Trial Demand**       **Page 2 of 32**

Schneider Revocable Trust, dated November 20, 2007, by and through counsel of record, and for their Answer to Plaintiff's First Amended Complaint, state as follows.

1.      Answering ¶ 1 of Plaintiff's First Amended Complaint, these answering Defendants deny the allegations contained therein.

2.      Answering ¶ 2 of Plaintiff's First Amended Complaint, these answering Defendants admit the allegations contained therein.

3.      Answering ¶ 3 of Plaintiff's First Amended Complaint, these answering Defendants admit to the allegations contained therein excepting that the Defendants are without information sufficient to form a belief as to the allegation "he also controls, owns, and/or has an ownership interest in several other defendant entities, as set forth below," and therefore deny this allegation.

4.      Answering ¶ 4 of Plaintiff's First Amended Complaint, these answering Defendants admit that Michelle Schneider holds the offices as set forth in ¶ 4, and deny each and every other allegation contained therein.

5.      Answering ¶ 5 of Plaintiff's First Amended Complaint, these answering Defendants admit that Kathleen T. Burrows is an individual residing in Chino Hills, California, and is the sister of John Henry Schneider, and deny each and every other allegation contained therein.

**Answer to First Amended Complaint and Jury Trial Demand**                         **Page 3 of 32**

6.      Answering ¶ 6 of Plaintiff's First Amended Complaint, these answering Defendants admit to the allegations contained therein.

7.      Answering ¶ 7 of Plaintiff's First Amended Complaint, these answering Defendants admit to the allegations contained therein.

8.      Answering ¶ 8 of Plaintiff's First Amended Complaint, these answering Defendants are without information sufficient to form a belief as to the allegations contained therein and, therefore, deny the allegations in ¶ 8.

9.      Answering ¶ 9 of Plaintiff's First Amended Complaint, these answering Defendants are without information sufficient to form a belief as to the allegations contained therein and, therefore, deny the allegations in ¶ 9.

10.     Answering ¶ 10 of Plaintiff's First Amended Complaint, these answering Defendants are without information sufficient to form a belief as to the allegations contained therein and, therefore, deny the allegations in ¶ 10.

11.     Answering ¶ 11 of Plaintiff's First Amended Complaint, these answering Defendants are without information sufficient to form a belief as to the allegations contained therein, but in this manner also allege that the United States Bankruptcy Court for the District of Montana lacks Article III powers; the Defendants are not creditors of the Estate, and therefore, are entitled and do hereby demand an Article III Court for all material proceedings.

**Answer to First Amended Complaint and Jury Trial Demand**          **Page 4 of 32**

12.     Answering ¶ 12 of Plaintiff's First Amended Complaint, these answering Defendants are without information sufficient to form a belief as to whether or not it is a core proceeding, but it appears that it, perhaps, may not be a core proceeding.

13.     Answering ¶ 13 of Plaintiff's First Amended Complaint, these answering Defendants admit the allegations contained therein.

## GENERAL ALLEGATIONS

14.     Answering ¶ 14 of Plaintiff's First Amended Complaint, Defendant Michelle Schneider admits that Debtor was a financially successful neurosurgeon who made, with the assistance, support, care, comfort, and leadership of his wife, Michelle R. Schneider, millions of dollars from his medical practice and from distributions and profits from various entities which he controlled.  Defendant Michelle Schneider is without information sufficient to form a belief as to the exact personal net worth of Debtor in 2011, but in this manner alleges a large portion of it can be traced to the care, comfort, household services provided by Michelle Schneider, and to allege the personal net worth was solely that of the Debtor is misleading.

15.     Answering ¶ 15 of Plaintiff's First Amended Complaint, ¶ 15 is a superfluous editorialization which alleges no specific facts worthy of answering

**Answer to First Amended Complaint and Jury Trial Demand**          **Page 5 of 32**

and, therefore, these answering Defendants deny each and every allegation contained therein.

16.     Answering ¶ 16 of Plaintiff's First Amended Complaint, Defendant Michelle denies the allegations contained therein.

17.     Answering ¶ 17 of Plaintiff's First Amended Complaint, these answering Defendants are without information sufficient to form a belief as to all the allegations contained therein, and therefore deny the allegations in ¶ 17.

18.     Answering ¶ 18 of Plaintiff's First Amended Complaint, Defendant Michelle admits that Whispering Winds Ranch was occupied by Debtor as his personal residence, but denies that the money used could in any way fairly be characterized as "his own funds," as Michelle was at all times a supporting member of the family household and her efforts must necessarily be accounted for when tracing the source of funds.

19.     Answering ¶ 19 of Plaintiff's First Amended Complaint, Michelle has no reason to deny the allegations in ¶ 19 assuming that the allegation was made in good faith, and therefore, admits to the allegations contained therein.

20.     Answering ¶ 20 of Plaintiff's First Amended Complaint, these answering Defendants admit to the allegations contained therein.

21.     Answering ¶ 21 of Plaintiff's First Amended Complaint, these

**Answer to First Amended Complaint and Jury Trial Demand**          **Page 6 of 32**

answering Defendants admit to the allegations contained therein.

22.     Answering ¶ 22 of Plaintiff's First Amended Complaint, these
answering Defendants deny that "all capital contributions to Schneider LP came
from monies earned by Debtor," but in this manner allege that monies earned by
Dr. Schneider were traceable to family efforts, not simply the efforts of John
Schneider.

23.     Answering ¶ 23 of Plaintiff's First Amended Complaint, Defendant
Michelle denies the allegations contained therein, but in this manner alleges that
both in Montana and California, separate entities are a traditional, legislatively
endorsed and morally acceptable form of doing business.

24.     Answering ¶ 24 of Plaintiff's First Amended Complaint, these
answering Defendants deny the allegations contained therein, and in this manner
allege that the Debtor's individual earnings and earning power were the product of
a family effort, including Michelle, and that to mischaracterize Michelle's abilities
as a member of the household and suggest that Dr. Schneider's efforts were in a
vacuum is misleading and, in fact, wrong.

25.     Answering ¶ 25 of Plaintiff's First Amended Complaint, these
answering Defendants are without information sufficient to form a belief as to the
allegations contained therein, and therefore deny the allegations contained in ¶ 25.

**Answer to First Amended Complaint and Jury Trial Demand**          **Page 7 of 32**

26.     Answering ¶ 26 of Plaintiff's First Amended Complaint, these answering Defendants are without information sufficient to form a belief as to the allegations contained therein, and therefore deny the allegations contained in ¶ 26.

27.     Answering ¶ 27 of Plaintiff's First Amended Complaint, these answering Defendants are without information sufficient to form a belief as to the allegations contained therein, and therefore deny the allegations contained in ¶ 27.

28.     Answering ¶ 28 of Plaintiff's First Amended Complaint, these answering Defendants deny the allegations contained therein.

29.     Answering ¶ 29 of Plaintiff's First Amended Complaint, these answering Defendants deny to the allegations contained therein, however, the allegation that there was "no consideration for this transfer" is unknown to these answering Defendants, and therefore, to the extent there is an allegation that there is no consideration for the transfer, the allegation is denied.

30.     Answering ¶ 30 of Plaintiff's First Amended Complaint, Defendant Michelle denies the allegations contained therein, but in this manner does allege that Debtor could have been concerned about his creditors and embarked upon a lawful method of formulating an estate plan that would have protected a portion of his estate which was logically, morally, and legally necessary to discharge his responsibilities as father and husband.

**Answer to First Amended Complaint and Jury Trial Demand**          **Page 8 of 32**

31.     Answering ¶ 31 of Plaintiff's First Amended Complaint, these answering Defendants admit the allegations contained therein.

32.     Answering ¶ 32 of Plaintiff's First Amended Complaint, these answering Defendants are without information sufficient to form a belief as to the allegations contained therein, and therefore denies the allegations contained in ¶ 32.

33.     Answering ¶ 33 of Plaintiff's First Amended Complaint, these answering Defendants admit the allegations contained therein.

34.     Answering ¶ 34 of Plaintiff's First Amended Complaint, these answering Defendants admit the allegations contained therein.

35.     Answering ¶ 35 of Plaintiff's First Amended Complaint, these answering Defendants admit the allegations contained therein.

36.     Answering ¶ 36 of Plaintiff's First Amended Complaint, these answering Defendants are without information sufficient to form a belief as to the allegations contained therein, and therefore denies the allegations contained in ¶ 36.

37.     Answering ¶ 37 of Plaintiff's First Amended Complaint, these answering Defendants are without information sufficient to form a belief as to the allegations contained therein, and therefore denies the allegations contained in ¶

37.

38.     Answering ¶ 38 of Plaintiff's First Amended Complaint, Defendant Michelle denies that she concocted any scheme to disseminate false information and defame a competing surgeon in Wyoming.  Defendant Michelle admits that she was sued in Wyoming and the suit was settled, and denies each and every other allegation contained in ¶ 38.

39.     Answering ¶ 39 of Plaintiff's First Amended Complaint, these answering Defendants are without information sufficient to form a belief, and therefore denies the allegations contained in ¶ 39.

40.     Answering ¶ 40 of Plaintiff's First Amended Complaint, these answering Defendants admit to the allegations contained therein.

41.     Answering ¶ 41 of Plaintiff's First Amended Complaint, these answering Defendants admit that in early 2012, Debtor's Wyoming medical license was suspended, cutting off his primary source of income, and denies each and every other allegation contained therein, and specifically denies the characterization of "[f]inally."

42.     Answering ¶ 42 of Plaintiff's First Amended Complaint, the allegation in ¶ 42 is an editorialization more than a statement of fact and, therefore, these answering Defendants deny the editorialization.

**Answer to First Amended Complaint and Jury Trial Demand**          **Page 10 of 32**

43.    Answering ¶ 43 of Plaintiff's First Amended Complaint, Defendant Michelle denies the allegations contained therein.

44.    Answering ¶ 44 of Plaintiff's First Amended Complaint, these answering Defendants deny the allegations contained therein.

45.    Answering ¶ 45 of Plaintiff's First Amended Complaint, these answering Defendants admit the allegations contained therein.

46.    Answering ¶ 46 of Plaintiff's First Amended Complaint, these answering Defendants are without information sufficient to form a belief as to the allegations contained therein, and therefore denies the allegations contained in ¶ 46.

47.    Answering ¶ 47 of Plaintiff's First Amended Complaint, these answering Defendants are without information sufficient to form a belief as to the allegations contained therein, and therefore denies the allegations contained in ¶ 47.

48.    Answering ¶ 48 of Plaintiff's First Amended Complaint, these answering Defendants are without information sufficient to form a belief as to the allegations contained therein, and therefore denies the allegations contained in ¶ 48.

49.    Answering ¶ 49 of Plaintiff's First Amended Complaint, Defendant

Michelle admits that three irrevocable trusts were formed, denies the characterization of the formation of the trusts as "purported," and denies the purpose of the trust was to hide Debtor's assets, but the purpose of the trusts appear to be to preserve Debtor's assets to discharge his moral, ethical, and lawful responsibilities he may have to his children.

50.     Answering ¶ 50 of Plaintiff's First Amended Complaint, these answering Defendants admit the allegations contained therein.

51.     Answering ¶ 51 of Plaintiff's First Amended Complaint, these answering Defendants are without information sufficient to form a belief as to the allegations contained therein, and therefore deny the allegations contained in ¶ 51.

52.     Answering ¶ 52 of Plaintiff's First Amended Complaint, these answering Defendants admit that the Whispering Winds Ranch was at one time deeded to Michelle Schneider, however, the deeding of the ranch would have been inconsistent with Dr. Schneider's duty to support Michelle Schneider, found in both Montana and Wyoming law.  These answering Defendants deny each and every other allegation on ¶ 52.

53.     Answering ¶ 53 of Plaintiff's First Amended Complaint, these answering Defendants admit that, on June 8, 2012, a deed was signed to a trust, but deny any nefarious characterizations.

**Answer to First Amended Complaint and Jury Trial Demand**          **Page 12 of 32**

54.     Answering ¶ 54 of Plaintiff's First Amended Complaint, these answering Defendants are without information sufficient to form a belief as to the allegations contained therein, and therefore deny the allegations contained in ¶ 54.

55.     Answering ¶ 55 of Plaintiff's First Amended Complaint, these answering Defendants are without information sufficient to form a belief as to the allegations contained therein, and therefore deny the allegations contained in ¶ 55.

56.     Answering ¶ 56 of Plaintiff's First Amended Complaint, these answering Defendants are without information sufficient to form a belief as to the allegations contained therein, and therefore deny the allegations contained in ¶ 56.

57.     Answering ¶ 57 of Plaintiff's First Amended Complaint, these answering Defendants are without information sufficient to form a belief as to the allegations contained therein, and therefore deny the allegations contained in ¶ 57.

58.     Answering ¶ 58 of Plaintiff's First Amended Complaint, these answering Defendants are without information sufficient to form a belief as to the allegations contained therein, and therefore deny the allegations contained in ¶ 58.

59.     Answering ¶ 59 of Plaintiff's First Amended Complaint, these answering Defendants are without information sufficient to form a belief as to the allegations contained therein, and therefore deny the allegations contained in ¶ 59.

60.     Answering ¶ 60 of Plaintiff's First Amended Complaint, these

answering Defendants are without information sufficient to form a belief as to the allegations contained therein, and therefore deny the allegations contained in ¶ 60 except to state that there was a settlement with Dr. Biles; thee settlement was covered by insurance; and certain personal expenses of Debtor and Defendant Michelle were covered by NRIC.

61.     Answering ¶ 61 of Plaintiff's First Amended Complaint, these answering Defendants are without information sufficient to form a belief as to the allegations contained therein, and therefore deny the allegations contained in ¶ 61.

62.     Answering ¶ 62 of Plaintiff's First Amended Complaint, these answering Defendants admit to the allegations contained therein.

63.     Answering ¶ 63 of Plaintiff's First Amended Complaint, these answering Defendants admit to the allegations contained therein.

64.     Answering ¶ 64 of Plaintiff's First Amended Complaint, these answering Defendants object to the pejorative characterization of the events, and deny each and every allegation therein.

65.     Answering ¶ 65 of Plaintiff's First Amended Complaint, these answering Defendants deny the allegations contained therein.

66.     Answering ¶ 66 of Plaintiff's First Amended Complaint, Defendant Michelle denies the allegations contained therein.

**Answer to First Amended Complaint and Jury Trial Demand**          **Page 14 of 32**

67.     Answering ¶ 67 of Plaintiff's First Amended Complaint, these answering Defendants are without information sufficient to form a belief as to the allegations contained therein, and therefore deny the allegations contained in ¶ 67.

68.     Answering ¶ 68 of Plaintiff's First Amended Complaint, these answering Defendants are without information sufficient to form a belief as to the allegations contained therein, and therefore deny the allegations contained in ¶ 68.

69.     Answering ¶ 69 of Plaintiff's First Amended Complaint, these answering Defendants are without information sufficient to form a belief as to the allegations contained therein, and therefore deny the allegations contained in ¶ 69.

70.     Answering ¶ 70 of Plaintiff's First Amended Complaint, these answering Defendants are without information sufficient to form a belief as to the allegations contained therein, and therefore deny the allegations contained in ¶ 70.

71.     Answering ¶ 71 of Plaintiff's First Amended Complaint, Defendant Michelle admits that sometimes she possessed an ATM card for purposes of meeting family, household, and other expenses, but denies each and every other allegation contained therein.

72.     Answering ¶ 72 of Plaintiff's First Amended Complaint, these answering Defendants are without information sufficient to form a belief as to the allegations contained therein, and therefore deny the allegations contained in ¶ 72.

73. Answering ¶ 73 of Plaintiff's First Amended Complaint, these answering Defendants are without sufficient information and memory to form a belief as to the allegations contained therein, and therefore deny the allegations contained in ¶ 73.

74. Answering ¶ 74 of Plaintiff's First Amended Complaint, these answering Defendants deny the allegations contained therein.

75. Answering ¶ 75 of Plaintiff's First Amended Complaint, these answering Defendants deny the allegations contained therein.

76. Answering ¶ 76 of Plaintiff's First Amended Complaint, these answering Defendants deny the allegations contained therein.

77. Answering ¶ 77 of Plaintiff's First Amended Complaint, these answering Defendants deny the allegations contained therein.

78. Answering ¶ 78 of Plaintiff's First Amended Complaint, these answering Defendants deny the allegations contained therein.

79. Answering ¶ 79 of Plaintiff's First Amended Complaint, these answering Defendants admit the allegations contained therein.

80. Answering ¶ 80, of Plaintiff's First Amended Complaint, these answering Defendants deny the allegations contained therein.

81. Answering ¶ 81 of Plaintiff's First Amended Complaint, these

answering Defendants deny the allegations contained therein.  Answering

Defendant Michelle is not familiar with the phrase "comingled."

82.     Answering ¶ 82 of Plaintiff's First Amended Complaint, these

answering Defendants deny the allegations contained therein, except that admit

that Defendant Michelle Schneider exercises lawful rights to demand payment.

83.     Answering ¶ 83 of Plaintiff's First Amended Complaint, these

answering Defendants deny the allegations contained therein.

84.     Answering ¶ 84 of Plaintiff's First Amended Complaint, these

answering Defendants admit that Debtor has worked closely with legal counsel and

accountants and deny the remaining allegations contained therein.

85.     Answering ¶ 85 of Plaintiff's First Amended Complaint, these

answering Defendants deny the allegations contained therein.

86.     Answering ¶ 86 of Plaintiff's First Amended Complaint, these

answering Defendants deny the allegations contained therein.

87.     Answering ¶ 87 of Plaintiff's First Amended Complaint, these

answering Defendants deny the allegations contained therein.

88.     Answering ¶ 88 of Plaintiff's First Amended Complaint, these

answering Defendants deny the allegations contained therein.

///

**Answer to First Amended Complaint and Jury Trial Demand**          **Page 17 of 32**

## COUNT I - SUBSTANTIVE CONSOLIDATION
### (Schneider LP, Schneider Management, and MedPort)

89.     Answering ¶ 89 of Plaintiff's First Amended Complaint, these answering Defendants incorporate each and every response previously stated in ¶¶ 1-89  above as though fully set forth herein.

90.     Answering ¶¶ 90-99 of Plaintiff's First Amended Complaint, these answering Defendants deny the allegations contained therein.

## COUNT II - REVERSE PIERCING/ALTER EGO
### (Schneider LP, Schneider Management, MedPort, and BSC)

91.     Answering ¶ 100 of Plaintiff's First Amended Complaint, these answering Defendants incorporate each and every response previously stated in ¶¶ 1-90  above as though fully set forth herein.

92.     Answering ¶¶  101-108 of Plaintiff's First Amended Complaint, these answering Defendants deny the allegations contained therein.

## COUNT III - FRAUDULENT TRANSFER OF
### WHISPERING WINDS RANCH
### (Michelle Schneider, individually and as Trustee of the Children's Trusts)

93.     Answering ¶ 109 of Plaintiff's First Amended Complaint, these answering Defendants incorporate each and every response previously stated in ¶¶ 1-92  above as though fully set forth herein.

94.     Answering ¶¶ 110-126 of Plaintiff's First Amended Complaint, these

answering Defendants deny the allegations contained therein.

## COUNT IV - FRAUDULENT TRANSFER RE: LOAN TO MEDPORT
### (MedPort)

95.     Answering ¶ 127 of Plaintiff's First Amended Complaint, these answering Defendants incorporate each and every response previously stated in ¶¶ 1-94  above as though fully set forth herein.

96.     Answering ¶ 128 of Plaintiff's First Amended Complaint, these answering Defendants admit the allegations contained therein.

97.     Answering ¶¶ 129-143 of Plaintiff's First Amended Complaint, these answering Defendants deny the allegations contained therein.

## COUNT V - FRAUDULENT AND PREFERENTIAL TRANSFER RE: JUDGMENT LIEN AND MEDPORT MORTGAGE
### (MedPort and Michelle Schneider, as Trustee of the Children's Trusts)

98.     Answering ¶ 144 of Plaintiff's First Amended Complaint, these answering Defendants incorporate each and every response previously stated in ¶¶ 1-97  above as though fully set forth herein.

99.     Answering ¶¶ 145-161 of Plaintiff's First Amended Complaint, these answering Defendants deny the allegations contained therein.

## COUNT VI - FRAUDULENT AND PREFERENTIAL TRANSFER RE: SCHNEIDER LP DISTRIBUTIONS
### (Michelle Schneider)

100.   Answering ¶ 162 of Plaintiff's First Amended Complaint, these

**Answer to First Amended Complaint and Jury Trial Demand**               **Page 19 of 32**

answering Defendants incorporate each and every response previously stated in ¶¶ 1-99  above as though fully set forth herein.

101.   Answering ¶¶ 163-176 of Plaintiff's First Amended Complaint, these answering Defendants deny the allegations contained therein.

## COUNT VII - FRAUDULENT TRANSFER RE: BILES SETTLEMENT
### (Michelle Schneider)

102.   Answering ¶ 177 of Plaintiff's First Amended Complaint, these answering Defendants incorporate each and every response previously stated in ¶¶ 1-101  above as though fully set forth herein.

103.   Answering ¶ 178 of Plaintiff's First Amended Complaint, these answering Defendants admit the allegations contained therein.

104.   Answering ¶ 179 of Plaintiff's First Amended Complaint, these answering Defendants deny the allegations contained therein, except acknowledge Debtor entered into settlement with Biles.

105.   Answering ¶¶ 180-189 of Plaintiff's First Amended Complaint, these answering Defendants deny the allegations contained therein.

## COUNT VIII - DIRECT AND DERIVATIVE CLAIM FOR CONVERSION
### (Michelle Schneider, individually and as Trustee of the Children's Trusts)

106.   Answering ¶ 190 of Plaintiff's First Amended Complaint, these answering Defendants incorporate each and every response previously stated in ¶¶

**Answer to First Amended Complaint and Jury Trial Demand**          **Page 20 of 32**

1-105  above as though fully set forth herein.

107.   Answering ¶¶ 191-198 of Plaintiff's First Amended Complaint, these

answering Defendants deny the allegations contained therein.

## COUNT IX - DIRECT AND DERIVATIVE CLAIM FOR NEGLIGENCE
### (Kathleen Burrow and Michelle Schneider,
### Individually, and as Managers of Schneider Management)

108.   Answering ¶ 199 of Plaintiff's First Amended Complaint, these

answering Defendants incorporate each and every response previously stated in ¶¶

1-107 above as though fully set forth herein.

109.   Answering ¶¶ 200-213 of Plaintiff's First Amended Complaint, these

answering Defendants deny the allegations contained therein.

## COUNT X – DIRECT AND DERIVATIVE CLAIM FOR BREACH OF FIDUCIARY DUTY
### (Kathleen Burrows and Michelle Schneider,
### Individually, and as Managers of Schneider Management)

110.   Answering ¶ 214 of Plaintiff's First Amended Complaint, these

answering Defendants incorporate each and every response previously stated in ¶¶

1-109 above as though fully set forth herein.

111.   Answering ¶¶ 215-224 of Plaintiff's First Amended Complaint, these

answering Defendants deny the allegations contained therein.

///

///

**Answer to First Amended Complaint and Jury Trial Demand**          **Page 21 of 32**

## COUNT XI – CONSPIRACY
### (Michelle Schneider, Debtor, John Does 1–10 and XYZ Corps. 1–10)

112.  Answering ¶ 225 of Plaintiff's First Amended Complaint, these answering Defendants incorporate each and every response previously stated in ¶¶ 1-111 above as though fully set forth herein.

113.  Answering ¶¶ 226-231 of Plaintiff's First Amended Complaint, these answering Defendants deny the allegations contained therein.

## COUNT XII – DECLARATORY JUDGMENT RE: JOHN TRUST
### (John Trust)

114.  Answering ¶ 232 of Plaintiff's First Amended Complaint, these answering Defendants incorporate each and every response previously stated in ¶¶ 1-113 above as though fully set forth herein.

115.  Answering ¶¶ 233-237 of Plaintiff's First Amended Complaint, these answering Defendants deny the allegations contained therein.

## COUNT XIII – DECLARATORY JUDGEMENT
### RE: CHILDREN'S TRUSTS
### (Michelle Schneider, as Trustee of the Children's Trusts)

116.  Answering ¶ 238 of Plaintiff's First Amended Complaint, these answering Defendants incorporate each and every response previously stated in ¶¶ 1-119 above as though fully set forth herein.

117.  Answering ¶¶ 239-242 of Plaintiff's First Amended Complaint, these

answering Defendants deny the allegations contained therein.

118.   Plaintiff's First Amended Complaint does not contained ¶ 243.

## COUNT XIV – DECLARATORY RELIEF, ACCOUNTING AND TURNOVER OF ESTATE PROPERTY
### (Debtor and Michelle Schneider)

119.   Answering ¶ 244 of Plaintiff's First Amended Complaint, these answering Defendants incorporate each and every response previously stated in ¶¶ 1-122 above as though fully set forth herein.

120.   Answering ¶¶ 245-249 of Plaintiff's First Amended Complaint, these answering Defendants deny the allegations contained therein.

## COUNT XV – FRAUDULENT TRANSFER RE: DEBTOR-BURROWS ACCOUNT
### (Michelle Schneider)

121.   Answering ¶ 250 of Plaintiff's First Amended Complaint, these answering Defendants incorporate each and every response previously stated in ¶¶ 1-124 above as though fully set forth herein.

122.   Answering ¶¶ 251-265 of Plaintiff's First Amended Complaint, these answering Defendants deny the allegations contained therein.

## COUNT XVI – FRAUDULENT AND PREFERENTIAL TRANSFERS
### (Michelle Schneider)

123.   Answering ¶ 266 of Plaintiff's First Amended Complaint, these answering Defendants incorporate each and every response previously stated in ¶¶

**Answer to First Amended Complaint and Jury Trial Demand**               **Page 23 of 32**

1-126 above as though fully set forth herein.

124.   Answering ¶¶ 267-281 of Plaintiff's First Amended Complaint, these answering Defendants deny the allegations contained therein.

## COUNT XVII – PRELIMINARY INJUNCTION
### (All Defendants)

125.   Answering ¶ 282 of Plaintiff's First Amended Complaint, these answering Defendants incorporate each and every response previously stated in ¶¶ 1-128 above as though fully set forth herein.

126.   Answering ¶¶ 283-286 of Plaintiff's First Amended Complaint, these answering Defendants deny the allegations contained therein.

To the extent that these answering Defendants have failed to specifically respond to any of Plaintiff's allegations contained in his First Amended Complaint, the same are hereby denied.

## AFFIRMATIVE DEFENSES

### <u>First Affirmative Defense</u>

No derivative action may be claimed by the Trustee, as there has been a failure to comply with Wyoming Statute Annotated § 17-16-749, requiring both a written demand on the corporation to take suitable action and the expiration of 90 days.

///

**Answer to First Amended Complaint and Jury Trial Demand**          **Page 24 of 32**

## Second Affirmative Defense

Each and every cause of action for fraudulent transfer is barred by § 31-2-341, M.C.A.

## Third Affirmative Defense

Any and all transfers made before October 1, 2009, cannot be reversed as the relevant statute § 31-2-333, M.C.A., became effective October 1, 2009.

## Fourth Affirmative Defense

Any and all claims advanced by the Trustee as derivative claims or otherwise by standing in the shoes of the debtor may be barred by the doctrine of waiver. The Debtor waived or consented to each and every act of the Answering defendants for which he now asserts (through the proxy of the trustee) a claim.

## Fifth Affirmative Defense

Any and all claims advanced by the Trustee as derivative claims or otherwise by the Trustee, in the alternative, if the Trustee proves the Debtor acted improperly are barred by the doctrine of unclean hands.

## Sixth Affirmative Defense

Michelle Schneider supported the Debtor as loving wife; mother of their children; office nurse and otherwise for an lengthy period of time (including homeschooling the parties three children.) As the doctrines for relief advanced by

**Answer to First Amended Complaint and Jury Trial Demand**          **Page 25 of 32**

the Trustee are largely equitable, for example substantive consolidation, the

equities of any claims by the trustee must be balanced against Michelle Schneider's

equitable interests.

### Seventh Affirmative Defense

The trustees claims are barred by the doctrine of the one who seeks equity

must do equity.

### Eighth Affirmative Defense

The Trustee has not identified a single past, present or future creditor who

relied on the Debtor's representations of net worth, or the defendants representation

of her net worth therefore a claim of substantive consolidation is barred.

### Ninth Affirmative Defense

Plaintiff's First Amended Complaint fails to adequately state a claim under

Rule 8, F.R.Civ.P. upon which relief may be granted as against Defendant, and

should be dismissed under Rule 12(b)(6), F.R.Civ.P. The allegations of Plaintiff's

First Amended Complaint are mere conclusory assertions, conclusions of law, and

allegations. A complaint "must contain something more... than... a statement of fact

that merely creates a suspicion [of] a legally cognizable right of action" on the

assumption that all the allegations in the complaint are true. *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). A

**Answer to First Amended Complaint and Jury Trial Demand**          **Page 26 of 32**

complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." 550 U.S. at 570. A complaint must state "enough facts to state a claim to relief that is plausible on its face... A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Montana Caregivers Ass'n v. United States,* 841 F.Supp.2d 1147, 1149 (D.Mont. 2012) (quoting *Ashcroft v Iqbal*, 556 U.S. 662, 678 (2009)). Factual allegations such as those made by the Plaintiff that merely create suspicion or speculation that the acts of the Debtor or the acts of the Defendant were part of a plot to defraud creditors, and the Plaintiff's mere legal inferences and arguments do not meet the pleading standard of *Iqbal* nor of *Twombly*.

### Tenth Affirmative Defense

Defendant has the right to a jury trial on all claims asserted against it by the Plaintiff, and the Bankruptcy Court has no jurisdiction to conduct a jury trial. The adversary proceeding must therefore be removed to the District Court.

### Eleventh Affirmative Defense

Defendant denies that Plaintiff is entitled to the damages, relief, attorneys fees and costs as asserted in Plaintiff's prayer for relief.

### Twelfth Affirmative Defense

**Answer to First Amended Complaint and Jury Trial Demand**          **Page 27 of 32**

Defendant denies every averment in the Plaintiff's First Amended Complaint not expressly and specifically admitted herein.

### Thirteenth Affirmative Defense

The Debtor, John Henry Schneider, was not insolvent on the date of transfer of property as alleged to Defendant.

### Fourteenth Affirmative Defense

The transfer of property as alleged to Defendant was not made with actual intent to hinder, delay, or defraud any creditors of the Debtor.

### Fifteenth Affirmative Defense

The transfer of property as alleged to Defendant was not made without the Debtor receiving a reasonably equivalent value in exchange for the transfer.

### Sixteenth Affirmative Defense

At the time of the transfer of property as alleged by Debtor to Defendant, the Debtor was not engaged or about to engage in a business or a transaction for which the remaining assets of the Debtor were unreasonably small in relation to the business or transaction.

### Seventeenth Affirmative Defense

At the time of the transfer of property as alleged by Debtor to Defendant, the Debtor did not intend to incur, nor should the Debtor have believed that the Debtor

would incur, debts beyond the ability to pay as they became due.

## Eighteenth Affirmative Defense

The Debtor received a reasonably equivalent value in exchange for the transfer of the property as alleged to Defendant.

## Nineteenth Affirmative Defense

The Defendant took the transfer of property as alleged in good faith and for reasonably equivalent value.

## Twentieth Affirmative Defense

Defendant's actions related to the transfer of property as alleged were based, at least in part, upon advice of counsel.

## Twenty-First Affirmative Defense

### (Jury Trial Demand)

Plaintiff's First Amended Complaint states legal claims under state law to set aside a fraudulent transfer, or alternatively, for a money judgment, in contradistinction to any equitable claim. Fraudulent transfer claims are legal claims for which Defendant has a jury trial right. Since Plaintiff's claims are legal in nature, Defendant has a right to demand, and hereby does demand, a jury trial. The Bankruptcy Court is not authorized to conduct a jury trial, and therefore, this case must either transfer to the federal district court, or must be dismissed and re-filed

by the Trustee in a state court. If, as Plaintiff asserts in his Complaint, Plaintiff's claims against Defendant constitute "core" proceedings, then the Bankruptcy Court has no jurisdiction to conduct a jury trial over Plaintiff's claims, since neither the Ninth Circuit Court of Appeals nor the United States Supreme Court has recognized any power of a Bankruptcy Court to conduct a jury trial in a core proceeding. Alternatively, if Plaintiff's claims are non-core, then the Bankruptcy Court may not conduct a jury trial herein, as the Ninth Circuit Court of Appeals has specifically held in *Taxel v. Electronic Sports Research (In re Cinematronics, Inc.)*, 916 F.2d 1444 (9th Cir. 1990), that a bankruptcy court may not preside over a jury trial in a non-core proceeding.

These answering Defendants reserve the right to assert additional defenses as discovery or information may warrant.

WHEREFORE, in consideration of the foregoing, these answering Defendants pray for the following relief:

1.  That Plaintiff take nothing by his Complaint;

2.  For attorneys' fees and costs; and

3.  For such further relief as this Court may deem just.

**DEFENDANTS DEMAND A TRIAL BY JURY.**

DATED this 4th day of September, 2015.

**Answer to First Amended Complaint and Jury Trial Demand**            **Page 30 of 32**

**PARKER, HEITZ & COSGROVE, PLLC**
401 N. 31st Street, Suite 805
P.O. Box 7212
Billings, Montana 59103-7212

*/s/    Mark D. Parker*

By: _____
Mark D. Parker
Attorney for Schneider Limited Partnership;
Schneider Management, LLC; Michelle R.
Schneider, personally, and as Trustee of the
Brandon Schneider Benefit Trust, the Shannon
Schneider Benefit Trust, the Caitlin Schneider
Benefit Trust, and the Michelle Schneider
Revocable Trust

## <u>CERTIFICATE OF SERVICE</u>

THIS IS TO CERTIFY under penalty of perjury that a copy of the foregoing

document was served upon the following persons by the following means:

 1-4  CM/ECF
____ Hand Delivery
 5-6  U.S. Mail

1.    Trent M. Gardner
      Jeffrey J. Tierney
      Goetz, Baldwin & Geddes, PC
      35 N. Grand
      P.O. Box 6580
      Bozeman, MT 59771-6580

2.    Joseph V. Womack
      Waller & Womack, P.C.
      303 N. Broadway, Suite 805
      Billings, MT 59101

**Answer to First Amended Complaint and Jury Trial Demand**          **Page 31 of 32**

4.  Harold V. Dye
    Dye & Moe, PLLP
    120 Hickory Street, Ste. B
    Missoula, MT 59801

5.  Steven M. Johnson
    Church, Harris, Johnson & Williams, PC
    114 3rd St. S.
    P.O. Box 1645
    Great Falls, MT 59403-1645
    Attorney for Kathleen Burrows

6.  Jason T. Holden
    Jean E. Faure
    Faure Holden Attorneys at Law, PC
    1314 Central Avenue
    P.O. Box 2466
    Great Falls, MT 59403
    Attorneys for Medport, LLC

this 4th day of September, 2015.

                                /s/    *Mark D. Parker*
                    _____
                    Mark D. Parker
                    **PARKER, HEITZ & COSGROVE, PLLC**
                    Attorney for Schneider Limited Partnership;
                    Schneider Management, LLC; Michelle R.
                    Schneider, personally, and as Trustee of the
                    Brandon Schneider Benefit Trust, the Shannon
                    Schneider Benefit Trust, the Caitlin Schneider
                    Benefit Trust, and the Michelle Schneider
                    Revocable Trust Schneider Revocable Trust

**Answer to First Amended Complaint and Jury Trial Demand**          **Page 32 of 32**